**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Hinton, et al., | No. CV-25-00095-TUC-AMM |
| Plaintiffs, | **ORDER** |
| v. | |
| 1138 East Highland LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant 6001, Inc.'s Motion to Dismiss. (Doc. 13.) The motion is fully briefed. (Docs. 13, 19–20.) The Court held oral argument on August 6, 2025.

**I.     Background**

On February 26, 2025, Plaintiffs Jessica Hinton, Rosa Acosta, Paola Canas, Arianny Celeste Lopez, Tara Leigh Patrick, Holly Jade Peers, and Danielle Ruiz filed a Complaint against Defendants 1138 East Highland, LLC, TBCH Inc., HTR, LLC, and 6001, Inc. (Doc. 1.) On April 11, 2025, Plaintiffs voluntarily dismissed Defendant 1138 East Highland, LLC. (Docs. 10–11.)

The remaining Defendants are incorporated in New Mexico. (Doc. 1 at 5.) Defendants 6001, Inc. and HTR, LLC do business as TD's North Showclub in Albuquerque, New Mexico. (*Id.* at 2.) Defendant TBCH, Inc. does business as TD's Showclub West and TD's Showclub East in Tucson, Arizona. (*Id.*)

Plaintiffs are professional models who allege that Defendants violated the Lanham

Act, 15 U.S.C. § 1125(a)(1)(A) when they used Plaintiffs' images without permission to advertise their clubs on social media. (*Id.* at 14.) Plaintiffs also allege state law claims for the common law right of publicity, unfair or deceptive trade practices, unfair competition, defamation, negligence and respondeat superior, conversion, unjust enrichment, and quantum meruit. (*Id.* at 14–24.)

## II. Motion to Dismiss

On April 15, 2025, Defendant 6001, Inc. filed a Motion to Dismiss arguing that the Court lacks personal jurisdiction over the corporation. (Doc. 13.) Defendant 6001, Inc. emphasizes that it is a New Mexico corporation with TD's North Showclub, its principal place of business, in Albuquerque. (*Id.* at 5–6.) Defendant 6001, Inc. further avers that it does not own or operate any business in Arizona, nor has it directed advertising for TD's North Showclub to Arizona. (*Id.* at 7–8.)

Plaintiffs respond that this Court may exercise specific personal jurisdiction over Defendant 6001, Inc. because Defendant 6001, Inc. misappropriated Plaintiffs' images as part of a civil conspiracy undertaken with TD's Showclub West and TD's Showclub East in Arizona. (Doc. 19 at 2–3.) Plaintiffs' conclusory allegations of civil conspiracy are based on their disputed assertion that Tim and James Zanzucchi own Defendants 6001, Inc., TBCH, Inc., and HTR, LLC. (*Id.* at 5, 7–8.)

Although Plaintiffs did not allege a claim for civil conspiracy, they argue in the briefings that "the Zanzucchis were engaged in a common scheme, on behalf of each of their strip clubs, to misappropriate the images of professional models for use in commercial advertising." (*Id.* at 3.) Plaintiffs concede, however, that they do not have sufficient facts at this time to bring a civil conspiracy claim and "are currently in the dark concerning the Zanzucchis personal involvement in the misappropriation of their images and creation of the advertisements . . . ." (*Id.* at 7.) Plaintiffs assert they "are prepared to amend their complaint upon a finding that either brother was personally involved in the misappropriations on behalf of any of their clubs." (*Id.*) Plaintiffs also include a discussion of permissive joinder under Federal Rule of Civil Procedure 20 in their

- 2 -

Response. (*Id.* at 4.)

On June 6, 2025, Defendant 6001, Inc. replied to Plaintiffs' civil conspiracy argument. (Doc. 20.) Defendant 6001, Inc. argues that Arizona does not recognize a conspiracy theory of personal jurisdiction if the defendant does not otherwise have minimum contacts with the state. (*Id.* at 2.) Defendant 6001, Inc. also states that Plaintiffs' allegation that the Zanzucchis own and control all the Defendants is "incorrect and unsupported." (*Id.* at 7.) Defendant 6001, Inc. asks the Court to deny any leave to amend as futile. (*Id.* at 10.)

**III. Discussion**

    **A. Standard of Review**

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Plaintiffs must make a prima facie showing of jurisdiction in the complaint where, as here, there is no evidentiary hearing. *Id.* The Court applies the law of the state in which it sits if there is no applicable federal statute governing personal jurisdiction. *Id.* "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Schwarzenegger*, 374 F.3d at 800).

Therefore, to establish personal jurisdiction, a plaintiff must show (1) the forum state's long-arm statute confers jurisdiction over the defendant and (2) "the exercise of jurisdiction comports with the constitutional principles of due process." *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Because Arizona's long-arm statute extends personal jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the two prongs of the analysis collapse into one, and the Court examines whether it may exercise personal jurisdiction over each defendant pursuant to the Due Process Clause. Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*,

1   885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 13 P.3d 280, 282 (2000).

2   The Due Process Clause requires a defendant to have sufficient "minimum contacts" with the forum state such that subjecting that defendant to jurisdiction does not "offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 328 U.S. 310, 316 (1945) (internal quotation marks omitted). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Minimum contacts exist when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). Plaintiffs bear the burden of establishing the first two prongs. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). If they succeed, the burden shifts to Defendant 6001, Inc. to present "a compelling case" that exercising jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802.

While facts underlying an allegation of civil conspiracy may establish minimum contacts with a forum, neither the District of Arizona nor the Ninth Circuit have recognized civil conspiracy as an independent basis to exercise personal jurisdiction. *See Karsten Mfg. Corp. v. U.S. Golf Ass'n*, 728 F. Supp. 1429, 1432, 1434 (D. Ariz. 1990) (rejecting conspiracy theory of personal jurisdiction and applying traditional minimum contacts test to each defendant); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 492 (9th Cir. 1979) (rejecting civil conspiracy theory of venue); *Calder v. Jones*, 465 U.S. 783, 790 (1984) (holding that each individual's connection with the forum must be examined independently); *Gen. Agent Ctr. Inc. v. Donald Vanier LLP*, 632 F. Supp. 1044, 1051 (D. Ariz. 2022) (quoting *Sher*, 911 F.2d at 1365) ("Regardless of their joint liability, jurisdiction over each defendant must be established individually.").

**B. Analysis**

The Court finds that dismissal under Federal Rule of Civil Procedure 12(b)(2) is appropriate because Plaintiffs have failed to show that the Court has personal jurisdiction over Defendant 6001, Inc.

As a threshold matter, the Court declines to adopt the theory that it may exercise personal jurisdiction over an out-of-state defendant based solely on a plaintiff's allegation that the defendant conspired with other in-state defendants. Plaintiffs cite only out of circuit authority to support their argument that civil conspiracy jurisdiction allows minimum contacts to be established through the in-forum actions of co-conspirators. (Doc. 19 at 3, 6–7.) If Plaintiffs had alleged specific facts underlying their belief that Defendant 6001, Inc. conspired through the Zanzucchis, those facts would have been relevant to assessing whether Defendant 6001, Inc. purposefully availed itself of the privilege of conducting activities in Arizona. Plaintiffs have not done so.

Without these specific allegations, Plaintiffs fail to show that Defendant 6001, Inc. has the requisite minimum contacts with Arizona such that subjecting it to a lawsuit in this forum is reasonable. Defendant 6001, Inc. is not incorporated in Arizona, nor does it operate any business in Arizona. Plaintiffs' allegation that the Zanzucchis own Defendant 6001, Inc. is not supported by the information before the Court. However, even if true, the Zanzucchis' ownership is not enough to establish that Defendant 6001, Inc. purposefully directed activity to Arizona.

Plaintiffs also assert in their Response that Defendant 6001, Inc. cross promotes advertising on social media with the in-state Defendants. (Doc. 20 at 3.) At oral argument, the Court asked Plaintiffs if they have specific social media posts that demonstrate Defendant 6001, Inc. may have targeted advertising to patrons in Arizona. Plaintiffs could not point to any specifics.

Furthermore, Plaintiffs' arguments regarding permissive joinder are misplaced. Plaintiffs appear to conflate the requirements for joinder under Federal Rule of Civil Procedure 20 with the requirements for personal jurisdiction. At oral argument, Plaintiffs

clarified that they believe the questions underlying permissive joinder are relevant to assessing jurisdiction.

Under Rule 20, joinder is permissible where (1) the claims arise out of the same transaction or series of transactions, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Although it is conceivable that facts relevant to joinder may simultaneously speak to an individual defendant's minimum contacts, the analyses are distinct. Indeed, "personal jurisdiction must be established *before* joinder can occur." *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, Case No. CV 14–8390–DMG (PLAx), 2016 WL 7177532, at *2 (C.D. Cal. May 26, 2016) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1659 (3d ed.)). Accordingly, any discussion of joinder at this stage is premature.

**IV.    Jurisdictional Discovery and Leave to Amend**

At oral argument, Plaintiffs requested limited discovery to determine whether facts exist to support their admitted "belief" that a conspiracy exists whereby the Zanzucchis own Defendant 6001, Inc. and have directed Defendant 6001, Inc., along with their other clubs, to misappropriate Plaintiffs' images. Plaintiffs also speculate that they may discover that the corporations have common statutory agents or social media managers. Plaintiffs conceded in their briefings and during oral argument that, at this time, they have no specific information to support their beliefs. Plaintiffs ask for leave to amend their claims against Defendant 6001, Inc. upon discovering this information. (Doc. 19 at 8.)

The Court has the discretion to permit limited jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). However, jurisdictional discovery is not appropriate "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants . . . ." *Terracom v. Valley*

*Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)); *see also Boschetto*, 539 F.3d at 1020 ("The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion."); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (holding it was not an abuse of discretion to deny jurisdictional discovery where plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

Federal Rule of Civil Procedure 15(a) instructs courts to grant leave to amend "freely when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). The Court weighs "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended [the] complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

Here, the Court finds that jurisdictional discovery is not appropriate because Plaintiffs, by their own admission, have little more than a "belief" that they can discover facts supporting Defendant 6001, Inc.'s contacts to Arizona. Indeed, Plaintiffs request for discovery seems to focus again on their theory of civil conspiracy to support personal jurisdiction. Because the Court declines to adopt a civil conspiracy basis for personal jurisdiction in this matter, the Court further finds that amendment would be futile based on the information Plaintiffs aver they have at this time.

**V.  Conclusion**

For the foregoing reasons, the Court will grant Defendant 6001, Inc.'s Motion to Dismiss, decline to permit limited jurisdictional discovery, and deny Plaintiffs' request for leave to amend.

///

Accordingly,

**IT IS ORDERED** that Defendant 6001, Inc.'s Motion to Dismiss is **GRANTED**. (Doc. 13.) Plaintiffs' claims against Defendant 6001, Inc. are **DISMISSED** because this Court lacks personal jurisdiction over Defendant 6001, Inc.

Dated this 20th day of August, 2025.

_____
Honorable Angela M. Martinez
United States District Judge